By the Court—Moncrief, J.
This appeal was submitted without argument. The printed case being delivered to the Court, the counsel for the appellants suggested that it was possible no questions arose in the present action except such as were discussed and passed upon in *100 the' case of Hartshorne v. The Union Mutual Insurance Company, (reported in 5 Bosw., 538,) and in that event neither argument or points would be presented, assuming that the present General Term would adopt or not dissent from the views there expressed.
The counsel for the respective parties subsequently (in December, 1861) submitted printed points.
Two policies were issued by the defendants and delivered to their agents, J.Day & Co.; one numbered 784, on or about the day of its date, the 27th October, 1852; the other numbered 993, on or about the day of its date, October 28th, 1853.
J. Day & Co., on the 15th Kovember, 1852, issued to themselves a certificate “ to cover all cottons shipped per good steamboats, * * * consigned to them by certain named consignors.”
The case of N. Y. Central Ins. Co. v. National Protection Ins. Co., (4 Kern., 85,) is decisive to the point that an agent cannot make a contract between his principal and himself. If the decision in the case be held to wholly invalidate the certificate issued to J. Day & Co. by themselves, so that subsequent certificate holders can avail themselves of its voidable character, then the amounts entered under that certificate must be excluded from the aggregate of insurances, and this, as conceded by the counsel for the appellants, will entitle the respondents to judgment. So if, for any reason, the acts of J. Day & Co. are held binding on the defendants, (irrespective of the amounts which had been placed at risk under either policy,) in favor of parties effecting insurance in good faith and without notice that such insurances and the amounts shipped under the same exceeded the nominal amount of the said policies, then the defendants are entitled to judgment.
We, however, concur with the view taken at Special Term, that the plaintiffs here have a right to treat their certificate of insurance as binding the defendants, irrespective of the amount of insurance effected with, or certi *101 ficates issued by, J. Day & Co., prior to the issuing of the policy Ho. 993, dated October 28,1853, and which is found to have reached Apalachicola Hov. 20,1853. The certificate issued to the plaintiffs, was in very terms issued under and by virtue of policy Ho. 993, and was entered upon it and made binding Dec. 31, 1853. It neither accords with justice, nor, as we think, a sound construction of the contracts made by J. Day & Co., to permit certificates issued under and indorsed upon the prior policy, Ho. 784, to effect the rights of the plaintiffs.
Whether as between the defendants and any parties holding certificates indorsed upon policy Ho. 784, the recognition of which would make the insurance under that policy, and its renewal exceed the nominal amounts thereof, the defendants are bound by those certificates or not, the plaintiffs had a right to rely upon policy Ho. 993, as a valid policy from its date, and as one which would cover risks thereafter to be taken under it and indorsed upon it. To the plaintiffs, policy Ho. 993 spoke from its date, and according to its terms, and bound the defendants accordingly.
The judgment of the Special Term must, therefore, be affirmed.